IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOVITA F., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of the Social Security Administration <br><br> Defendant. | Case No. 3:17-cv-00945-L-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jovita F.'s[1] Motion for Attorney's Fees under 42 U.S.C. § 406(b) (ECF No. 28). For the following reasons, the Motion should be GRANTED.

## Background

Attorney Patrick Wright represented Plaintiff in this case seeking judicial review of a final adverse decision by the Commissioner of the Social Security Administration. Mot. 1. The Court remanded Plaintiff's case to the Commissioner for further administrative proceedings, and the Commissioner subsequently issued a fully favorable decision awarding benefits to Plaintiff. *Id.* Plaintiff's

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

counsel now seeks $11,700.00 in attorney's fees, which represents less than 25% of Plaintiff's past-due benefits. *Id*. Plaintiff executed a contract in which she agreed to pay her counsel 25% of any past-due benefits awarded. *Id.*; Pl.'s Reply Ex. 3 (ECF No. 30). Plaintiff's counsel states that, should the Court award the $11,700.00 under § 406(b), he will promptly refund the $3,420.00 previously awarded under the Equal Access to Justice Act (EAJA), as required by law. Mot. 1. The Commissioner indicates that he "has no objection to Counsel's receipt of a reasonable fee for court-related representation," but he objected to Plaintiff's motion on the grounds that Plaintiff did not provide the Court with an itemization of the services Counsel rendered in federal court. Resp. 1, 4 (ECF No. 29). Plaintiff replied in support of the Motion providing such an itemization. The Motion is ripe for determination.

## Legal Standards and Analysis

The Court has discretion to award attorney's fees out of the past due benefits recovered by a successful claimant in a social security action. Specifically, § 406(b) of the Social Security Act, which governs the award of attorney's fees for representing a claimant in federal court, provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Murkeldove v. Astrue*, 635 F.3d 784, 787-88 (5th Cir. 2011) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 800 (2002)); *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

In this case, Plaintiff's counsel seeks a fee award under a contingency fee agreement with Plaintiff. The Court must independently review counsel's fee arrangement to assure that it yields a reasonable result in this case. *See Gisbrecht*, 535 U.S. at 807. A contingency fee agreement is unenforceable if it provides for fees in excess of 25% of the past due benefits awarded. *See id.* (citing § 406(b)(1)(A)). Moreover, to prevent windfalls for lawyers, if the sum of benefits awarded is large compared to the amount of time counsel spent on the case, a downward adjustment is appropriate. *Id.* at 808. The Fifth Circuit has implicitly approved several factors to consider in determining whether a fee award in a social security case under a contingency fee agreement constitutes such a windfall.[2] Those factors include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee."

---

[2] The reasonableness of attorney's fees awarded pursuant to a fee shifting statute is generally determined by using the lodestar method. *See Jeter v. Astrue*, 622 F.3d 371, 378 (5th Cir. 2010). However, because § 406(b) is not a fee shifting statute, the Supreme Court has explicitly rejected using the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *Id.*; *Gisbrecht*, 535 U.S. at 801-02.

*Jeter*, 622 F.3d at 381-82 (citing *Brannen v. Barnhart*, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *Gisbrecht*, 535 U.S. at 807 n.17.

      Here, the relevant factors weigh in favor of approving Counsel's fee request. First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security disability benefits. *See, e.g.*, *Hartz v. Astrue*, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012); *Charlton v. Astrue*, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their cases to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011). Here, counsel faced a substantial risk of loss, as Plaintiff had already been denied benefits at every stage of a relatively lengthy administrative process. That Plaintiff had been unsuccessful until Counsel appealed the Administration's decision in federal court also indicates that the case presented some degree of difficulty. Also, there is no dispute that the requested fee award of $11,700.00 does not exceed 25% of the past-due benefits that Plaintiff received. Next, the value of the case is significant to Plaintiff as she was awarded past-due benefits and will continue to receive Title II benefits until she dies or becomes no longer disabled. Finally, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of up to a 25% fee. *Hartz*, 2012 WL 4471846, at *6; *see also Jeter*, 622 F.3d at 381-82. There is no information in the record about Counsel's experience.

4

Counsel's effective hourly rate for the work performed in this case is $650.00 ($11,700.00 divided by 18 hours). Mot. 1; Pl.'s Reply Ex. 1. Counsel does not state what his normal non-contingent rate is, but the Court nonetheless concludes that $650.00 per hour is reasonable in this case. *Richardson v. Colvin*, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 3, 2018) (finding an hourly rate of $937.50 to be reasonable, where counsel's standard hourly rate was $375); *Sabourin v. Colvin*, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (approving fee request where de facto hourly rate was $1,245.55). Additionally, the Court has reviewed the itemized billing statement Counsel submitted and finds that the time reflected is reasonable for the various tasks described. *See* Pl.'s Reply Ex. 1; *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees). Counsel spent a total of 18 hours on Plaintiff's appeal. In view of all the relevant factors, the Court concludes that the requested fee award in the amount of $11,700.00 is reasonable.

**Recommendation**

Because the Court finds the fee sought is reasonable, Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (ECF No. 28) should be GRANTED. The Court should award attorney Patrick Wright $11,700.00 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b). The Commissioner should be further ordered to certify and disburse such amount from Plaintiff's past-due benefits to Plaintiff's counsel, and Plaintiff's counsel

should be ordered to promptly return to Plaintiff the $3,420.00 previously awarded under the EAJA.

**SIGNED** March 30, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).